# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. SAUNDERS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE OF MISSOURI, 21st JUDICIAL) <br> CIRCUIT COURT, et al., ) <br> ) <br> Defendants. ) | No. 4:13-CV-2224-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Lawrence E. Saunders, Patricia A. Saunders, and Alfred A. Hooper for leave to commence this action without payment of the required filing fee [Docs. #2, #3, and #4]. For the reasons set forth below, the Court will (1) grant in forma pauperis status to Lawrence and Patricia Saunders; (2) strike Alfred A. Hooper as a party-plaintiff to this action; and (3) dismiss this action for lack of subject matter jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Lawrence E. Saunders, Patricia A. Saunders, and Alfred A. Hooper seek monetary relief in this action brought pursuant to 42 U.S.C. § 1983.  Named as defendants are the State of Missouri, 21st Judicial Circuit Court, Commerce Bank of St. Louis (Commerce Bank), J.P. Morgan Chase Home Finance (J.P. Morgan), and St. Anthony Avenue L.C.  As the basis for filing this action in Federal Court, plaintiffs state:

    1.  Violation of the Constitution of the United States Article III
    Amendment XIV Civil Rights Section 1
    2.  Bank Fraud under Section 1833A Title XXV 2561

      3. Mortgage Fraud – Failing to follow due process of law. All parties are entitled to Notice of Foreclosure.

Plaintiffs' disjointed allegations are set forth in three counts. Count I of the complaint seems to have involved the disputed ownership of property located at One Brindle Court in Florissant, Missouri. Plaintiffs allege that a Missouri state court judge dismissed an action on May 21, 2007, "refus[ing] to accept proof of ownership and ruled for the Plaintiff[s] as owners in a landlord complaint." Plaintiffs complain that the judge refused to investigate their claims of fraud, and even on direct appeal, the appellate judge "refused to recognize the Fraud complaint." Plaintiffs further complain that the appellate court's actions "prevented [them] from having the time to file for a Trial Denovo [sic]."

      In Count II, plaintiffs summarily allege "bank fraud on 4/8/08 when $1573.95 was removed from Commerce Bank." In addition, plaintiffs state that the "[d]efendant who removed the . . . money entered a consent judgment on all quit claimed deeds of any property obtained in this case. Defendant never paid for or owned the property at One Brindle Ct."

      In Count III, plaintiffs allege "mortgage fraud," claiming that another Missouri state court judge:

> entered a judgment against St. Anthony Avenue L.C. and ordered that Defendant must immediately convey any and all property to which they have title if obtained from home owners who quit claimed their

> property to Defendants and immediately release the same from Defendants and to dismiss with prejudice any suit filed against any person who quit claimed their property to Defendants.

In addition, plaintiffs assert that the "State of Missouri used Michael Granderson as a Defendant in part of the property at One Brindle Ct. . . . [but] [t]his person was not a party on the deed of this property." Plaintiffs state that Granderson did not represent them, and they did not receive a notice of foreclosure, although their address was in J.P. Morgan's file. Plaintiffs claim that One Brindle Court was never returned to them.

## Discussion

At the outset, the Court notes that Alfred Hooper did not personally sign the complaint. Rather, his name was signed by Patricia Saunders as Mr. Hooper's "attorney-in-fact." This is impermissible, and therefore, Alfred Hooper will be stricken as a party-plaintiff to this action. *See Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (although non-attorney may appear pro se in his own behalf, privilege is personal to him; non-attorney has no authority to appear on behalf of others).

As to plaintiffs Lawrence and Patricia Saunders, and after having carefully reviewed the complaint, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction. Federal district courts are courts of original

4

jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Thus, to the extent that plaintiffs are requesting this Court to review the merits of the two prior Missouri state court cases, or to overturn the state courts' final judgments, this Court lacks the jurisdiction to do so. "Review of state court decisions may be had only in the Supreme Court." *Id.*

Moreover, to the extent that plaintiffs are attempting to assert new claims for relief based on "bank fraud" and "mortgage fraud," this Court lacks subject matter jurisdiction over their claims. Plaintiffs do not allege, nor does it appear, that diversity of jurisdiction exists in this case. Thus, even if the Court were to liberally construe this action as having been brought under 28 U.S.C. § 1332, subject matter jurisdiction would be lacking. Moreover, plaintiffs do not claim that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.[1]

To the extent that plaintiffs are attempting to assert a claim or cause of action under 42 U.S.C. § 1983, the Court notes that the State of Missouri and its courts are not suable entities and are absolutely immune from liability. *See Will v.*

---

[1]The Court is unable to find a statute in accordance with plaintiffs' jurisdictional reference to "Bank Fraud under Section 1833A Title XXV 2561."

*Michigan Dept. of State Police,* 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427 (8th Cir. 1986) (courts are not "persons" for § 1983 purposes). Furthermore, plaintiffs have failed to allege, and there is no indication, that any of the other named defendants are state actors within the meaning of § 1983. *See Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (to state claim under § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the motions of Lawrence and Patricia Saunders for leave to proceed in forma pauperis [Docs. #2 and #3] are **GRANTED.**

**IT IS FURTHER ORDERED** that Alfred Hooper will be **STRICKEN** as a party-plaintiff to this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction over this case.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED**, as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>17th</u> day of <u>March,</u> 2014.

_____
**UNITED STATES DISTRICT JUDGE**